NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

CORNELIUS CHRISTOPHER MURPHY, *Petitioner*,

*v.*

THE HONORABLE JAMES T. BLOMO, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

LISELOTTE LYNDELL JENSEN, *Real Party in Interest*.

No. 1 CA-SA 14-0129

FILED 08-14-2014

---

Petition for Special Action from the Superior Court in Maricopa County
No. FC2013-001338
The Honorable James T. Blomo, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

---

COUNSEL

Fromm Smith & Gadow PC, Phoenix
By Jennifer G. Gadow, James L. Cork, II
*Counsel for Petitioner*

Berkshire Law Office, PLLC, Phoenix
By Keith Berkshire, Max Mahoney
*Counsel for Real Party in Interest*

---

**DECISION ORDER**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Diane M. Johnsen joined.

---

**C A T T A N I**, Judge:

¶1          Cornelius Christopher Murphy ("Father") seeks special action relief from an order of the superior court finding Arizona to be an inconvenient forum under Arizona's version of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") and staying the child custody proceedings in Arizona in favor of ongoing proceedings in Virginia. *See* Ariz. Rev. Stat. ("A.R.S.") § 25-1037.[1]  Because of the nature of the ruling, Father lacks an adequate remedy by appeal, and we therefore accept special action jurisdiction. *See* Ariz. R.P. Spec. Act. 1(a).  For reasons that follow, we deny relief and award Liselotte Lyndell Jensen ("Mother") a portion of her attorney's fees incurred in responding to Father's petition.

¶2          Father contends the superior court erred by entering the inconvenient forum order because he lacked notice that this issue was before the Arizona court and because he was given no opportunity to present argument and evidence on this issue to the Arizona court.  But the record affirmatively disproves Father's arguments.

¶3          Father received notice in both the Arizona and the related Virginia proceedings regarding Mother's request that Arizona cede jurisdiction to Virginia under the UCCJEA's inconvenient forum provision.  Father joined the issue in Virginia, filed a comprehensive memorandum on the issue in Virginia, and was served with Mother's filing in Arizona of the parties' Virginia inconvenient forum memoranda.  Mother moved in Arizona (as well as in Virginia) for a UCCJEA conference between the two courts and expressly raised Arizona's inconvenient forum provision in her reply, which was filed over two months before the hearing.

¶4          At the hearing itself, the superior court repeatedly offered the parties opportunities to present additional argument as well as additional information bearing on the UCCJEA inconvenient forum issue.  Father's

---

[1]          Absent material revisions after the relevant date, we cite a statute's current version.

Arizona counsel in fact pointed out additional information for the court to consider, requesting that the court take into account a custody evaluator's report as it pertained to "a UCCJEA analysis . . . when determining a conveniens or inconveniens forum. . . . I'm exclusively discussing it as it relates to UCCJEA analysis." And when the court asked Father's counsel if she was "comfortable proceeding just on what's been filed so far," counsel responded, "Yes, as the UCCJEA issue, we are." In sum, Father was well aware of the UCCJEA inconvenient forum issue and was provided ample opportunity to present information and argument, and his arguments to the contrary are frivolous.

¶5            Father also argues that the superior court abused its discretion by entering the inconvenient forum order without considering all factors mandated by A.R.S. § 25-1037(B). The court's written ruling specifically addressed five of the eight factors listed in the statute, and the statute requires only that the court "consider" each factor, not that the court enter written findings on each one. Father did not request written findings, *see* Ariz. R. Fam. Law P. 82(A), and he has not established that the court abused its discretion or otherwise erred in addressing the § 25-1037(B) factors.

¶6            Finally, we conclude that Father's due process arguments regarding notice and an opportunity to be heard on the inconvenient forum issue were "not grounded in fact or based on law." *See* A.R.S. § 25-324(B)(2). Accordingly, we award Mother her reasonable costs and attorney's fees incurred in responding to these two arguments (arguments I and II in Father's petition for special action) upon her compliance with ARCAP 21.

¶7            For these reasons, we accept jurisdiction, deny relief, and award Mother the costs incurred in the special action proceeding and a portion of her attorney's fees as set forth above.

